# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-163V
Filed: July 1, 2022
UNPUBLISHED

|  |  |
|---|---|
| AMY J. JOHNSON, on behalf of P.J., a minor,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner<br><br>Measles Mumps Rubella (MMR) Vaccine; Haemophilus Influenzae Type B (Hib) vaccine; Hepatitis A (Hep A) Vaccine; Pneumococcal (Prevnar 13) Vaccine; thrombocytopenia purpura |

*Mark Theodore Sadaka*, Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On January 30, 2019, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her minor daughter suffered thrombocytopenia purpura as a result of her April 26, 2016 Measles Mumps Rubella ("MMR"), Haemophilus Influenzae Type B ("Hib"), Hepatitis A ("Hep A"), and Pneumococcal ("Prevnar 13") vaccinations. (ECF No. 1.) On January 21, 2020, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 26.) On June 29, 2022, petitioner filed a Motion for a Decision Dismissing her Petition. (ECF No. 57.)

To receive compensation in the Vaccine Program, petitioner must prove by preponderant evidence either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine and occurring within the specified timeframe, or (2) that she suffered an injury that was actually

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Thrombocytopenic purpura is a Table Injury for the MMR vaccine if it occurs between 7- and 30-days following vaccination.  42 C.F.R. §100.3(a)(V).

In this case the vaccine(s) at issue were administered on April 26, 2016. (Ex. 4, pp. 9-12, 26.)  Within nine days, P.J. developed a rash in the context of a low-grade fever. (Ex. 4, pp. 8-9.)  The diagnosis was viral exanthem. (Ex. 14, p. 1.)  A photograph of the rash dated May 6, 2016, was also filed. (Ex. 15.)  On May 24, 2016, P.J. presented for care for an ear infection.  (Ex. 5, p. 6.)  Examination indicated the skin was "normal, no lesions." (*Id*.)  Subsequently P.J. again developed a rash in early June. (Ex. 4, pp. 2-4; Ex. 2, pp. 170-73.)  P.J. was diagnosed with thrombocytopenia on June 9, 2016, in light of a low platelet count. (Ex. 2, p. 166.)  Petitioner filed an expert report by hematologist Clinton F. Merrill, Jr., M.D. (Ex. 38.)  Dr. Merrill premised his opinion on the May 6, 2016 photograph demonstrating onset of P.J.'s thrombocytopenia occurred at the time of the first rash.  He noted, however, that "[s]ince the treating physician neglected at that time to perform a complete blood count, one cannot necessarily prove this assertion." (Ex. 38, p. 5.)  Respondent filed an expert report by hematologist Cindy Neunert, M.D. (Ex. A.)  Among other issues discussed, Dr. Neunert agreed with the treating physician that the May 6, 2016 rash was a viral exanthem. (Ex. A, p. 7.)  She further suggested that the medical records demonstrate a separate rash onset occurring in early June and P.J.'s normal skin exam on May 24, 2016, would be inconsistent with onset occurring on May 5, 2016. (*Id*.)  After her expert's review of Dr. Neunert's report, petitioner determined that she would dismiss her case. (ECF Nos. 54-57.)

Neither petitioner's medical records nor her expert reports support her allegations by a preponderance of the evidence.  Accordingly, the undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.